## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LEOPOLDO CARRASCO, DENNIS ARMIJOS, SERGIO GRANIZO, AND JOSE CARDENAS,** | **CASE NO.:** |
| **Plaintiffs,** | |
| **v.** | **PETITION FOR REMOVAL** |
| **POTTLE'S TRANSPORTATION, LLC,** | |
| **Defendant.** | **FEBRUARY 14, 2018** |

**TO:    Clerk of the United States District Court**
**District of Connecticut**

NOW COMES defendant/petitioner, POTTLE'S TRANSPORTATION, LLC (hereafter referred to as "Petitioner") and through its undersigned counsel respectfully petitions this Honorable Court as follows:

1.      Petitioner is the sole defendant in a civil action captioned *Leopoldo Carrasco, et al. v. Pottle's Transportation, LLC.,* which matter is pending in the Connecticut Superior Court, Judicial District of New Haven at New Haven, docket no. NNH-CV18-6077333-S (hereafter "the state court action").  A copy of the Summons and Complaint in the state court action is attached hereto as Exhibit A.

2.      The Complaint in the state court action sounds in negligence and arises from a motor vehicle accident that occurred January 15, 2016 on Interstate 84 eastbound in East Fishkill,

New York.  It is alleged that at that time, the four plaintiffs were the occupants of a vehicle in the right lane, and an agent, employee and/or servant of the Petitioner was operating a vehicle in the left lane, when the tractor portion of the vehicle driven by the agent, employee and/or servant of the Petitioner entered the right lane and collided with the plaintiffs' vehicle, causing the plaintiffs' vehicle to rollover and flip multiple times. *Complaint, Count One, Paras. 7-9.*

3.      The plaintiffs each claim to have sustained serious and permanent injuries from this accident.  Plaintiff Leopoldo Carrasco claims to have sustained the following injuries: cervical sprain/strain and pain, thoracic sprain/strain and pain, lumbar sprain/strain and pain, lumbar disc protrusion, left shoulder sprain/strain, muscle spasms, bilateral knee sprain/strains, facial lacerations, and lumbar radiculitis. *Complaint, Count One, Para. 11.*  Plaintiff Dennis Armijos claims to have sustained the following injuries: cervical sprain/strain and pain, dorsal sprain/strain and pain, thoracic sprain/strain and pain, lumbar sprain/strain and pain, headaches, left shoulder sprain/strain, muscle spasms, chest pain, and right elbow sprain and pain. *Complaint, Count Two, Para. 11.* Plaintiff Sergio Granizo claims to have sustained the following injuries: facial lacerations, cervical sprain/strain and pain, thoracic sprain/strain and pain, lumbar sprain/strain and pain, L4/5 disc herniation with annular fissure, lumbar radiculopathy, left knee sprain and injury, including a medial meniscal tear and a tear of the anterior cruciate ligament, headaches, left shoulder sprain/strain, contusion, effusion and pain, right shoulder sprain/strain, contusion, effusion and pain, right knee injury, and right calf hematoma. *Complaint, Count Three, Para. 11.* Plaintiff Jose Cardenas claims to have sustained the following injuries: cervical sprain/strain and pain, thoracic sprain/strain and pain, lumbar sprain/strain and pain, concussion and headaches, head/scalp abrasions, chest wall contusion and pain, splenic laceration and/or hematoma, thoracic

wall contusion, left lower extremity abrasions, bilateral knee abrasions, rib contusion, hip/pelvic pain, thoracic bone marrow contusions and ligamentous injuries, abdominal pain, and right shoulder sprain/strain and pain. *Complaint, Count Four, Para. 11.* All of the Plaintiffs allege to have undergone medical treatment and that they may require such treatment into the future, and to have incurred past medical expenses and that they may incur future medical expenses. All of the Plaintiffs further claim to have physical limitations caused by their injuries and to have sustained lost wages. *Complaint, Count One, Paras. 12-14; Complaint, Count Two, Paras. 12-14; Complaint, Count Three, Paras. 12-14; Complaint, Count Four, Paras. 12-14.*

4.       This action is being removed to the District Court pursuant to Title 28, United States Code § 1441(a). In support of this Petition for Removal, Petitioner respectfully states and represents to the Court as follows:

a.       By Complaint dated January 11, 2018, Plaintiffs filed suit against Petitioner. The Petitioner first received notice of the Complaint on January 16, 2018.[1] The Complaint seeks venue in the Connecticut Superior Court, Judicial District of New Haven at New Haven.

b.       Each of individual plaintiffs is a resident of Meriden, Connecticut. *Please see Summons.*

c.       Petitioner Pottle's Transportation, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business being Bangor, Maine.[2]

---

[1] Petitioner does not concede that service of process was sufficient.
[2] Petitioner's FRCP 7.1 disclosure of corporate information will confirm there exists diversity of citizenship as claimed in this petition.

3

d.      In their Complaint, the plaintiffs allege that as a result of the subject accident they each sustained certain serious injuries and losses as described in Paragraph 3 above, and have alleged that some or all of these injuries are likely to be permanent.  They further claim to have sustained economic damages in the form of past and future medical expenses and lost wages, and that they have suffered physical limitations.  In view of the specific injury and damages claims being made, the aggregate amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      This Court has original jurisdiction over this Action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship between Plaintiffs and Petitioner, and because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.      Venue is proper pursuant to 28 U.S.C. §1391(a) through (c), because Petitioner is subject to personal jurisdiction in Connecticut.

7.      Pursuant to 28 U.S.C. §1446(d), Petitioners have notified the Connecticut Superior Court, Judicial District of New Haven at New Haven, of the filing of this Petition.  *Please see Exhibit B.*

WHEREFORE, based upon the foregoing, Petitioner respectfully requests that the state court action be removed to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §1441(a), and that further proceedings in the Superior Court of Connecticut, Judicial District of New Haven at New Haven, be discontinued.

Respectfully submitted,

DEFENDANT/PETITIONER,
POTTLE'S TRANSPORTATION, LLC

By:    /s/ *Michael P. Kenney*
    Michael P. Kenney, Esq.(ct26768)
    Ryan Ryan Deluca LLP
    CityPlace II
    185 Asylum Street, 6th Floor
    Hartford, CT 06103
    Juris No. 436612
    Phone:  860-785-5150

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LEOPOLDO CARRASCO, DENNIS ARMIJOS, SERGIO GRANIZO, AND JOSE CARDENAS,** | **CASE NO.:** |
| **Plaintiffs,** | |
| **v.** | **CERTIFICATE OF SERVICE** |
| **POTTLE'S TRANSPORTATION, LLC,** | |
| **Defendant.** | **FEBRUARY 14, 2018** |

I hereby certify that on February 14, 2018 a copy of the foregoing document was filed electronically and served by mail upon anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

A copy of the foregoing was mailed to:

George H. Romania, Esq.
Law Offices of George H. Romania
2653 Whitney Avenue
Hamden, CT 068518
*Attorneys for the Plaintiffs*

_____/s/ Michael P. Kenney_____
Michael P. Kenney
Fed. Bar No. ct26768

6

**EXHIBIT A**

**SUMMONS - CIVIL**
JD-CV-1 Rev. 4-16
C.G.S. §§ 51-348, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

STATE OF CONNECTICUT
SUPERIOR COURT
www.jud.ct.gov

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | ( 203 ) 503-6800 | February   13 , 2018 |

|  |  | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| [ ] Judicial District [ ] Housing Session | [ ] G.A. Number: | New Haven | Major: V     Minor: 01 |

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Law Office of George H. Romania, 2653 Whitney Avenue, Hamden, CT 06518 | 422435 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 203 ) 287-8774 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [ ] Yes  [X] No | Email address for delivery of papers under Section 10-13 (if agreed to) |
|---|---|---|

Number of Plaintiffs: 4     Number of Defendants: 1     [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name:  CARRASCO, Leopoldo<br>Address: 135 Camp Street, Meriden, CT | P-01 |
| Additional Plaintiff | Name:  ARMIJOS, Dennis<br>Address: 135 Camp Street, Meriden, CT | P-02 |
| First Defendant | Name:  POTTLE'S TRANSPORTATION, LLC, 15 Page Road West, Bangor, ME<br>Address: Agent for Service:  Curtis E. Kimball, 84 Harlow Street, Bangor, ME  04402 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | [X] Commissioner of the Superior Court [ ] Assistant Clerk | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| | | George H. Romania | 01/11/2018 |

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

| For Court Use Only | |
|---|---|
| File Date | |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
SUPERIOR COURT

First named Plaintiff *(Last, First, Middle Initial)*
CARRASCO, Leopoldo

First named Defendant *(Last, First, Middle Initial)*
POTTLE'S TRANSPORTATION, LLC

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if Individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| GRANIZO, Sergio, 135 Camp Street, Meriden, CT | | 03 |
| CARDENAS, Jose, 82 Lewis Avenue, Meriden, CT | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if Individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |
| | | 14 |

FOR COURT USE ONLY - File Date

Docket number

CIVIL SUMMONS-Continuation

| | | | |
|---|---|---|---|
| RETURN DATE: | FEBRUARY 13, 2018 | : | SUPERIOR COURT |
| LEOPOLDO CARRASCO | | : | J.D. OF NEW HAVEN |
| VS. | | : | AT NEW HAVEN |
| POTTLE'S TRANSPORTATION, LLC | | : | JANUARY 11, 2018 |

<u>COMPLAINT</u>

<u>COUNT ONE:</u>    (Carrasco v. Pottle's Transportation, LLC)

1.    At all times referenced herein, the Plaintiff, **Leopoldo Carrasco**, was a resident of Meriden, Connecticut.

2.    At all times referenced herein, the Defendant, Pottle's Transportation, LLC, was and is foreign limited liability company.

3.    The Defendant is subject to the jurisdiction of this court pursuant to Connecticut General Statutes Section 52-59b, as the Defendant, through the actions and/or inactions of its agent, servant and/or employee has committed a tortious act outside the State of Connecticut causing injury to a person within the State.

4.    At all times referenced herein, the Defendant regularly did and does solicit business in this State, engages in a persistent course of conduct and derives substantial revenue from services rendered in the State.

5.    At all times referenced herein, the Defendant solicits residents of this State for employment and/or employs residents of this State, advertises to, and/or solicits business from, residents of this State using a website/internet address/social media accounts, routinely avails itself of the use and benefits of this State's public highways and roadways in performing it business pursuits; self-identifies this State as part of its secondary service area on its website; and derives substantial revenues from services rendered in this State and/or from customers located within the State.

6.   At all times referenced herein, Interstate-84 is a public highway running in a generally east-west direction through East Fishkill, New York, with two travel lanes in each direction.

7.   On January 15, 2016, at approximately 6:00 p.m., the Plaintiff was operating a motor vehicle in the right-hand travel lane of Interstate 84- Eastbound, approximately 275 feet south of Hosner Mountain Road in East Fishkill, New York.

8.   On said date and time, an agent, employee and/or servant of the Defendant was operating a tractor-trailer combination vehicle in the left-hand travel lane of Interstate 84-Eastbound, approximately 275 feet south of Hosner Mountain Road in East Fishkill, New York.

9.   On said date and time, the Defendant's agent, servant and/or employee caused the tractor portion of the vehicle he was operating to suddenly and without warning leave his travel land and enter the Plaintiff's travel lane, causing the vehicles to suddenly and forcefully collide and further causing the Plaintiff's vehicle to rollover and flip multiple times before coming to a rest against a rock cut in the center median, thereby causing the Plaintiff's resulting injuries, losses and damages, as further set forth below.

10.   The Plaintiff's injuries, losses and damages were proximately and directly caused by the negligence and or carelessness of the Defendant's agent, servant and/or employee in that:

   a.   he moved his vehicle from his travel lane when such movement could not be performed with relative safety, in violation of General Statutes § 14-236;

   b.   he operated his vehicle in such proximity to another so as to impede traffic, in violation of General Statutes § 14-240(b);

   c.   he turned his vehicle and/or moved left or right upon the highway when such movement could not be made with reasonable safety, in violation of General Statutes § 14-242;

d.  he failed to keep his vehicle under proper and reasonable control;

e.  he was inattentive and failed to keep a lookout for other vehicles approaching on the highway;

f.  he failed to apply his brakes or stop his vehicle in time to avoid a collision;

g.  he failed to steer his vehicle left or right to avoid a collision; and

h.  he failed to sound his horn or give any warning whatsoever that he was leaving his lane of travel.

11.  As a direct and proximate result of the negligence and carelessness of the Defendant's agent, servant and/or employee, and of said collision, the Plaintiff suffered a severe shock to his nervous system and sustained the following serious and painful injuries, some or all of which, or the effects thereof, may be lasting and permanent:

a.  Cervical sprain/strain and pain;
b.  Thoracic sprain/strain and pain;
c.  Lumbar sprain/strain and pain;
d.  Lumbar disc protrusion;
e.  Left shoulder sprain/strain;
f.  Muscle spasms;
g.  Bilateral knee sprain/strains;
h.  Facial lacerations;
i.  Lumbar radiculitis;

12.  As a further result of the negligence and carelessness of the Defendant's agent, servant and/or employee, the plaintiff was, for an extended period of time, rendered sore and disabled and unable to continue with his normal daily activities, and he continues to have pain and physical limitations from his injuries and, most likely, will continue to in the future.

13.     As a further result of the negligence and carelessness of the Defendant's agent, servant and/or employee, the Plaintiff incurred substantial expense for medical care and treatment and may be forced to incur further medical expenses in the future.

14.     As a further result of said collision and resulting injuries, the Plaintiff was forced to miss time from work and lost wages he otherwise could, and would, have earned.

15.     The Plaintiff has received, and continues to receive, workers' compensation benefits from his employer as a result of the subject accident.

**COUNT TWO:**          (Armijos v. Pottle's Transportation, LLC)

1.      At all times referenced herein, the Plaintiff, **Dennis Armijos**, was a resident of Meriden, Connecticut.

2.      At all times referenced herein, the Defendant, Pottle's Transportation, LLC, was and is foreign limited liability company.

3.      The Defendant is subject to the jurisdiction of this court pursuant to Connecticut General Statutes Section 52-59b, as the Defendant, through the actions and/or inactions of its agent, servant and/or employee has committed a tortious act outside the State of Connecticut causing injury to a person within the State.

4.      At all times referenced herein, the Defendant regularly did and does solicit business in this State, engages in a persistent course of conduct and derives substantial revenue from services rendered in the State.

5.      At all times referenced herein, the Defendant solicits residents of this State for employment and/or employs residents of this State, advertises to, and/or solicits business from, residents of this State using a website/internet address/social media accounts, routinely avails itself of the use and benefits of this State's public highways and roadways in performing it business pursuits; self-identifies this State as part of its secondary service area on its website; and derives substantial

revenues from services rendered in this State and/or from customers located within the State.

6.     At all times referenced herein, Interstate-84 is a public highway running in a generally east-west direction through East Fishkill, New York, with two travel lanes in each direction.

7.     On January 15, 2016, at approximately 6:00 p.m., the Plaintiff was a front seat passenger in a motor vehicle being operated in the right-hand travel lane of Interstate 84- Eastbound, approximately 275 feet south of Hosner Mountain Road in East Fishkill, New York.

8.     On said date and time, an agent, employee and/or servant of the Defendant was operating a tractor-trailer combination vehicle in the left-hand travel lane of Interstate 84-Eastbound, approximately 275 feet south of Hosner Mountain Road in East Fishkill, New York.

9.     On said date and time, the Defendant's agent, servant and/or employee caused the tractor portion of the vehicle he was operating to suddenly and without warning leave his travel land and enter the Plaintiff's travel lane, causing the vehicles to suddenly and forcefully collide and further causing the Plaintiff's vehicle to rollover and flip multiple times before coming to a rest against a rock cut in the center median, thereby causing the Plaintiff's resulting injuries, losses and damages, as further set forth below.

10.    The Plaintiff's injuries, losses and damages were proximately and directly caused by the negligence and or carelessness of the Defendant's agent, servant and/or employee in that:

        a.   he moved his vehicle from his travel lane when such movement could not be performed with relative safety, in violation of General Statutes § 14-236;

        b.   he operated his vehicle in such proximity to another so as to impede traffic, in violation of General Statutes § 14-240(b);

     c.   he turned his vehicle and/or moved left or right upon the highway when such movement could not be made with reasonable safety, in violation of General Statutes § 14-242;

     d.   he failed to keep his vehicle under proper and reasonable control;

     e.   he was inattentive and failed to keep a lookout for other vehicles approaching on the highway;

     f.   he failed to apply his brakes or stop his vehicle in time to avoid a collision;

     g.   he failed to steer his vehicle left or right to avoid a collision; and

     h.   he failed to sound his horn or give any warning whatsoever that he was leaving his lane of travel.

11.    As a direct and proximate result of the negligence and carelessness of the Defendant's agent, servant and/or employee, and of said collision, the Plaintiff suffered a severe shock to his nervous system and sustained the following serious and painful injuries, some or all of which, or the effects thereof, may be lasting and permanent:

     a.   Cervical sprain/strain and pain;
     b.   Dorsal sprain/strain and pain;
     c.   Thoracic sprain/strain and pain;
     d.   Lumbar sprain/strain and pain;
     e.   Headaches;
     f.   Left shoulder sprain/strain;
     g.   Muscle spasms;
     h.   Chest pain; and
     i.   Right elbow sprain and pain.

12.    As a further result of the negligence and carelessness of the Defendant's agent, servant and/or employee, the plaintiff was, for an extended period of time, rendered sore and disabled and unable to continue with his normal daily activities,

and he continues to have pain and physical limitations from his injuries and, most likely, will continue to in the future.

13. As a further result of the negligence and carelessness of the Defendant's agent, servant and/or employee, the Plaintiff incurred substantial expense for medical care and treatment and may be forced to incur further medical expenses in the future.

14. As a further result of said collision and resulting injuries, the Plaintiff was forced to miss time from work and lost wages he otherwise could, and would, have earned.

15. The Plaintiff has received, and continues to receive, workers' compensation benefits from his employer as a result of the subject accident.

**COUNT THREE:**   (Granizo v. Pottle's Transportation, LLC)

1. At all times referenced herein, the Plaintiff, **Sergio Granizo**, was a resident of Meriden, Connecticut.

2. At all times referenced herein, the Defendant, Pottle's Transportation, LLC, was and is foreign limited liability company.

3. The Defendant is subject to the jurisdiction of this court pursuant to Connecticut General Statutes Section 52-59b, as the Defendant, through the actions and/or inactions of its agent, servant and/or employee has committed a tortious act outside the State of Connecticut causing injury to a person within the State.

4. At all times referenced herein, the Defendant regularly did and does solicit business in this State, engages in a persistent course of conduct and derives substantial revenue from services rendered in the State.

5. At all times referenced herein, the Defendant solicits residents of this State for employment and/or employs residents of this State, advertises to, and/or solicits business from, residents of this State using a website/internet address/social media accounts, routinely avails itself of the use and benefits of this State's public

highways and roadways in performing it business pursuits; self-identifies this State as part of its secondary service area on its website; and derives substantial revenues from services rendered in this State and/or from customers located within the State.

6.     At all times referenced herein, Interstate-84 is a public highway running in a generally east-west direction through East Fishkill, New York, with two travel lanes in each direction.

7.     On January 15, 2016, at approximately 6:00 p.m., the Plaintiff was a rear seat passenger in a motor vehicle being operated in the right-hand travel lane of Interstate 84- Eastbound, approximately 275 feet south of Hosner Mountain Road in East Fishkill, New York.

8.     On said date and time, an agent, employee and/or servant of the Defendant was operating a tractor-trailer combination vehicle in the left-hand travel lane of Interstate 84-Eastbound, approximately 275 feet south of Hosner Mountain Road in East Fishkill, New York.

9.     On said date and time, the Defendant's agent, servant and/or employee caused the tractor portion of the vehicle he was operating to suddenly and without warning leave his travel land and enter the Plaintiff's travel lane, causing the vehicles to suddenly and forcefully collide and further causing the Plaintiff's vehicle to rollover and flip multiple times before coming to a rest against a rock cut in the center median, thereby causing the Plaintiff's resulting injuries, losses and damages, as further set forth below.

10.    The Plaintiff's injuries, losses and damages were proximately and directly caused by the negligence and or carelessness of the Defendant's agent, servant and/or employee in that:

   a.   he moved his vehicle from his travel lane when such movement could not be performed with relative safety, in violation of General Statutes § 14-236;

b.  he operated his vehicle in such proximity to another so as to impede traffic, in violation of General Statutes § 14-240(b);

c.  he turned his vehicle and/or moved left or right upon the highway when such movement could not be made with reasonable safety, in violation of General Statutes § 14-242;

d.  he failed to keep his vehicle under proper and reasonable control;

e.  he was inattentive and failed to keep a lookout for other vehicles approaching on the highway;

f.  he failed to apply his brakes or stop his vehicle in time to avoid a collision;

g.  he failed to steer his vehicle left or right to avoid a collision; and

h.  he failed to sound his horn or give any warning whatsoever that he was leaving his lane of travel.

11.  As a direct and proximate result of the negligence and carelessness of the Defendant's agent, servant and/or employee, and of said collision, the Plaintiff suffered a severe shock to his nervous system and sustained the following serious and painful injuries, some or all of which, or the effects thereof, may be lasting and permanent:

a.  Facial lacerations;
b.  Cervical sprain/strain and pain;
c.  Thoracic sprain/strain and pain;
d.  Lumbar sprain/strain and pain;
e.  L4/5 disc herniation with annular fissure;
f.  Lumbar radiculopathy;
g.  Left knee sprain and injury, including a medial meniscal tear and a tear of the anterior cruciate ligament;
h.  Headaches;
i.  Left shoulder sprain/strain, contusion, effusion and pain;
j.  Right shoulder sprain/strain, contusion, effusion and pain;

    k. Right knee injury; and

    l. Right calf hematoma;

12. As a further result of the negligence and carelessness of the Defendant's agent, servant and/or employee, the Plaintiff was, for an extended period of time, rendered sore and disabled and unable to continue with his normal daily activities, and he continues to have pain and physical limitations from his injuries and, most likely, will continue to in the future.

13. As a further result of the negligence and carelessness of the Defendant's agent, servant and/or employee, the Plaintiff incurred substantial expense for medical care and treatment and may be forced to incur further medical expenses in the future.

14. As a further result of said collision and resulting injuries, the Plaintiff was forced to miss time from work and lost wages he otherwise could, and would, have earned.

15. The Plaintiff has received, and continues to receive, workers' compensation benefits from his employer as a result of the subject accident.

**COUNT FOUR:**    (Cardenas v. Pottle's Transportation, LLC)

1. At all times referenced herein, the Plaintiff, **Jose Cardenas**, was a resident of Meriden, Connecticut.

2. At all times referenced herein, the Defendant, Pottle's Transportation, LLC, was and is foreign limited liability company.

3. The Defendant is subject to the jurisdiction of this court pursuant to Connecticut General Statutes Section 52-59b, as the Defendant, through the actions and/or inactions of its agent, servant and/or employee has committed a tortious act outside the State of Connecticut causing injury to a person within the State.

4.   At all times referenced herein, the Defendant regularly did and does solicit business in this State, engages in a persistent course of conduct and derives substantial revenue from services rendered in the State.

5.   At all times referenced herein, the Defendant solicits residents of this State for employment and/or employs residents of this State, advertises to, and/or solicits business from, residents of this State using a website/internet address/social media account, routinely avails itself of the use and benefits of this State's public highways and roadways in performing it business pursuits; self-identifies this State as part of its secondary service area on its website; and derives substantial revenues from services rendered in this State and/or from customers located within the State.

6.   At all times referenced herein, Interstate-84 is a public highway running in a generally east-west direction through East Fishkill, New York, with two travel lanes in each direction.

7.   On January 15, 2016, at approximately 6:00 p.m., the Plaintiff was a rear seat passenger in a motor vehicle being operated in the right-hand travel lane of Interstate 84- Eastbound, approximately 275 feet south of Hosner Mountain Road in East Fishkill, New York.

8.   On said date and time, an agent, employee and/or servant of the Defendant was operating a tractor-trailer combination vehicle in the left-hand travel lane of Interstate 84-Eastbound, approximately 275 feet south of Hosner Mountain Road in East Fishkill, New York.

9.   On said date and time, the Defendant's agent, servant and/or employee caused the tractor portion of the vehicle he was operating to suddenly and without warning leave his travel land and enter the Plaintiff's travel lane, causing the vehicles to suddenly and forcefully collide and further causing the Plaintiff's vehicle to rollover and flip multiple times before coming to a rest against a rock cut in the center median; thereby causing the Plaintiff's resulting injuries, losses and damages, as further set forth below.

10. The Plaintiff's injuries, losses and damages were proximately and directly caused by the negligence and or carelessness of the Defendant's agent, servant and/or employee in that:

    a. he moved his vehicle from his travel lane when such movement could not be performed with relative safety, in violation of General Statutes § 14-236;

    b. he operated his vehicle in such proximity to another so as to impede traffic, in violation of General Statutes § 14-240(b);

    c. he turned his vehicle and/or moved left or right upon the highway when such movement could not be made with reasonable safety, in violation of General Statutes § 14-242;

    d. he failed to keep his vehicle under proper and reasonable control;

    e. he was inattentive and failed to keep a lookout for other vehicles approaching on the highway;

    f. he failed to apply his brakes or stop his vehicle in time to avoid a collision;

    g. he failed to steer his vehicle left or right to avoid a collision; and

    h. he failed to sound his horn or give any warning whatsoever that he was leaving his lane of travel.

11. As a direct and proximate result of the negligence and carelessness of the Defendant's agent, servant and/or employee, and of said collision, the Plaintiff suffered a severe shock to his nervous system and sustained the following serious and painful injuries, some or all of which, or the effects thereof, may be lasting and permanent:

    a. Cervical sprain/strain and pain;
    b. Thoracic sprain/strain and pain;
    c. Lumbar sprain/strain and pain;

d.  Concussion and headaches;
e.  Head/scalp abrasions;
f.  Chest wall contusion and pain;
g.  Splenic laceration and/or hematoma;
h.  Thoracic wall contusion;
i.  Let lower extremity abrasions;
j.  Bilateral knee abrasions;
k.  Rib contusion;
l.  Hip/pelvic pain;
m.  Thoracic bone marrow contusions and ligamentous injuries;
n.  Abdominal pain; and
o.  Right shoulder sprain/strain and pain.

12.   As a further result of the negligence and carelessness of the Defendant's agent, servant and/or employee, the Plaintiff was, for an extended period of time, rendered sore and disabled and unable to continue with his normal daily activities, and he continues to have pain and physical limitations from his injuries and, most likely, will continue to in the future.

13.   As a further result of the negligence and carelessness of the Defendant's agent, servant and/or employee, the Plaintiff incurred substantial expense for medical care and treatment and may be forced to incur further medical expenses in the future.

14.   As a further result of said collision and resulting injuries, the Plaintiff was forced to miss time from work and lost wages he otherwise could, and would, have earned.

15.   The Plaintiff has received, and continues to receive, workers' compensation benefits from his employer as a result of the subject accident.

WHEREFORE, THE PLAINTIFFS CLAIM MONEY DAMAGES.

Dated at Hamden, Connecticut this 11th day of January, 2018.

THE PLAINTIFFS,
LEOPOLDO CARRASCO
DENNIS ARMIJOS
SERGIO GRANIZO
JOSE CARDENAS

By:_____
George H. Romania, Esq.
Law Offices of George H. Romania
2653 Whitney Avenue
Hamden, CT 06518
(203) 287-8774
Juris #422435

RETURN DATE:    FEBRUARY 13, 2018    :    SUPERIOR COURT

LEOPOLDO CARRASCO    :    J.D. OF NEW HAVEN

VS.    :    AT NEW HAVEN

POTTLE'S TRANSPORTATION, LLC    :    JANUARY 11, 2018

## **AMOUNT IN DEMAND**

Exclusive of interest and costs, the amount in demand is greater than $15,000.00.

George H. Romania, Esq.
Law Offices of George H. Romania
2653 Whitney Avenue
Hamden, CT  06518
(203) 287-8774
Juris #422435

## EXHIBIT B

DOCKET NO.: NNH-CV18-6077333-S       SUPERIOR COURT

LEOPOLDO CARRASCO, ET AL.       J.D. OF NEW HAVEN

v.       AT NEW HAVEN

POTTLE'S TRANSPORTATION, LLC       FEBRUARY 14, 2018

---

## NOTICE OF REMOVAL TO FEDERAL COURT

NOW COMES defendant POTTLE'S TRANSPORTATION, LLC, by and through its undersigned counsel, and hereby provides notice that it has this date filed a petition for removal of this matter with the United States District Court, District of Connecticut.  A copy of said Petition (without exhibits) is attached hereto as Exhibit A.

The defendants respectfully request that the Court docket the removal of this matter to the United States District Court, District of Connecticut, and thereafter discontinue these proceedings.

Respectfully submitted,

DEFENDANT,
POTTLE'S TRANSPORTATION, LLC

By:_____/S/ 413253_____
     Michael P. Kenney, Esq.
     Ryan Ryan Deluca LLP
     CityPlace II
     185 Asylum Street, 6th Floor
     Hartford, CT 06103
     Juris No. 436612
     Phone:  860-785-5150

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 14, 2018, a copy of the above was mailed and/or e-mailed to the following counsel and pro se parties of record:

> George H. Romania, Esq.
> Law Offices of George H. Romania
> 2653 Whitney Avenue
> Hamden, CT 068518
> *Attorneys for the Plaintiffs*

___/s/ 413253_____
Michael P. Kenney, Esq.
